IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN C. SPRY, | § | |
| Register No. 04322-090, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1122 |
| | § | |
| TYRANNE MORGAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Susan C. Spry, has filed a "Motion for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241, and Civ.RP Rule 60(b)(6)" (Docket Entry No. 1). The United States has filed a Motion to Dismiss for Failure to State a Claim (Docket Entry No. 7), to which petitioner has filed replies (Docket Entry Nos. 8 and 10). A section 2241 petition is used to attack the manner in which the Bureau of Prisons carries out a sentence. Because Spry attacks the validity of her sentence, not the manner in which it is being executed, her motion is actually a section 2255 motion.

Spry complains of a 152-month sentence imposed by the United States District Court for the Western District of Wisconsin. Respondent states, and Spry does not dispute, that she previously filed a Motion for Relief Pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court, and that she filed a Motion for

Reconsideration, which was also denied; and the United States Court of Appeals for the Seventh Circuit denied a Certificate of Appealability.

It is clear from the motion, and from the Motion to File a Reply (Docket Entry No. 8 at pp. 7-9), that the crux of Spry's present motion is her argument that she did not receive a full and adequate consideration of the arguments she previously raised in her § 2255 motion. Because the instant motion raises challenges to her conviction that were or could have been raised in an earlier section 2255 motion, it is a second or successive section 2255 motion.  See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts states:

> Before presenting a second or successive motion [for relief under § 2255] the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion as required by 28 U.S.C. § 2255, para. 8.

Spry has not sought permission from the Court of Appeals for the Seventh Circuit to pursue this action. It is well established that "[a] petition for writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). This case does not fall within the extremely limited circumstances when a remedy under section 2255 is inadequate.

Because this court does not have jurisdiction, the government's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 7) is **GRANTED**. Spry's Motion to Strike Respondent's Motion to Dismiss (Docket Entry No. 8 at p. 5), for judgment on the pleadings (<u>id.</u> at p. 9), and request for the appointment of counsel and for delay to seek pro bono counsel (Reply to Court's Order, Docket Entry No. 10, at pp. 2 and 3) are **DENIED**.

**SIGNED** at Houston, Texas, on this the 15th day of June, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE